# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE,<br><br>                    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>                    Respondent. | Civil No.    10-1253 JAH (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND,**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a detainee proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

### REQUEST TO PROCEED IN FORMA PAUPERIS

According to the Prison Certificate, Petitioner has $1.75 on account at the San Diego County Jail, where he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the

respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval,* 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden or director in charge of the state or county facility in which Petitioner is presently confined. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### BASIS FOR PETITION

Further, it appears Petitioner is currently in custody in the San Diego County Jail, having previously been found incompetent to stand trial and committed to the Department of Mental Health at Patton State Hospital. (*See* Pet. at 1, 6.) Although Petitioner has filed his Petitioner under 28 U.S.C. §2254, he is not being held "pursuant to a judgment of a state court." 28 U.S.C. § 2254. As such, 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, is the proper vehicle to challenge

his detention *McNeely v. Blanas*, 336 F.3d 822, (9th Cir 2003) (construing petition filed under §2254 by a pretrial detainee who had been found incompetent to stand trial, as a petition under § 2241); *see also Braden v. Judicial Circuit Court*, 401 U.S. 484, 503 (1973) (Rehnquist, J., dissenting) ("Section 2254 pertains only to a prisoner in custody pursuant to a judgment of conviction of a state court. . . .  The issue here is whether habeas corpus is warranted under §2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding.")   Therefore, if Petitioner seeks to challenge the constitutionality of his pre-trial detention, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and **DISMISSES** the Petition without prejudice. *For Petitioner's convenience, the Clerk of Court shall attach to this Order, a blank § 2241 form petition.*

**IT IS SO ORDERED.**

DATED: June 28, 2010

John A. Houston
United States District Judge